UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| IMS HEALTH INCORPORATED; VERISPAN, LLC; and SOURCE HEALTHCARE ANALYTICS, INC., a subsidiary of WOLTERS KLUWER, HEALTH INC., <br><br>　　　　Plaintiffs, <br><br>vs. <br><br>WILLIAM J. SCHNEIDER, as Attorney General of the State of Maine, <br><br>　　　　Defendant. | Case No. 1:07-cv-00127-JAW |

**ORDER ON REMAND**

By Judgment dated August 4, 2010, the United States Court of Appeals for the First Circuit vacated this Court's entry of a preliminary injunction and remanded the case to this Court with instructions to dismiss plaintiffs' case with prejudice. On October 13, 2010, this Court dismissed the case with prejudice (Docket Entry 99) and entered judgment in favor of the defendant (Docket Entry 101).

On January 28, 2011, plaintiffs filed a petition for a writ of certiorari with the Supreme Court of the United States. By Order entered June 28, 2011, the Supreme Court granted the petition for a writ of certiorari, vacated the First Circuit's August 4, 2010, Judgment, and remanded the case to the First Circuit for further consideration in light of *Sorrell v. IMS Health Inc.*, 564 U.S. __ (2011).

By Order dated August 4, 2011, as stipulated by the parties, the First Circuit remanded the case to this Court, with instructions to vacate the district court's Order of Dismissal on

Remand dated October 13, 2010 (Docket Item 99), and its Amended Judgment of Dismissal also dated October 13, 2010 (Docket Item 101).

Pursuant to the First Circuit's August 4, 2011, Order, the Court hereby vacates its Order of Dismissal on Remand dated October 13, 2010 (Docket Item 99), and its Amended Judgment of Dismissal also dated October 13, 2010 (Docket Item 101).

Furthermore, based on the recent decision of the Supreme Court of the United States in *Sorrell v. IMS Health Inc.*, 564 U.S. __ (2011), issued on June 23, 2011, and for the reasons set forth in that decision, as stipulated by the parties, 22 M.R.S. § 1711-E(2-A) and § 1711-E(3), to the extent that it provides for enforcement of § 1711-E(2-A), are hereby declared in violation of the First and Fourteenth Amendments to the United States Constitution.

Consistent with this declaratory judgment and as agreed to by the parties, judgment shall enter for the plaintiffs on Count I of plaintiffs' Complaint dated August 29, 2007. The defendant has represented that he will not seek enforcement of 22 M.R.S. § 1711-E inconsistent with this Order, and, accordingly, there is no need to issue an injunction as originally requested by the plaintiffs.

Based upon the Stipulation of the parties dated August 19, 2011, the remaining claims set forth in Counts II, III, and IV of plaintiffs' complaint are hereby dismissed without prejudice.

The Court retains jurisdiction to the extent permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court to determine entitlement and amount of attorney's fees, expenses, and costs, if any, to be awarded to plaintiffs.

So ordered.

Dated this 15th day of September, 2011.

/s/John A. Woodcock, Jr.
John A. Woodcock, Jr.
Chief United States District Judge